1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AARON JONES,

11                  Plaintiff,                    No. CIV S-03-0119 DFL DAD P

12          vs.

13   LOU BLANAS, et al.,                   ORDER AND

14                  Defendants.            FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Before the court is a motion to dismiss for failure to exhaust administrative

18   remedies brought pursuant to Fed. R. Civ. P. 12(b) on behalf of defendants Green and Kacalek.[1]

19   Plaintiff has filed an opposition, defendants filed a reply, and plaintiff filed a reply to defendants'

20   reply.[2]

21   _____

22          [1] Defendants have informed the court that defendant Krackaleck's name is misspelled.
     The correct spelling for this defendant is "Kacalek."  The court will direct the Clerk of the Court
23   to correct the court's docket.  The third defendant in this action, Dr. Duane P. Mabeus, filed an
     answer on October 5, 2004, and has not joined in the pending motion to dismiss.
24
            [2] On March 14, 2005, defendants filed an objection to plaintiff's reply.  Defendants argue
25   that Local Rule 78-230(m) does not recognize such a pleading and that plaintiff's reply should be
     stricken.  Although defendants' arguments are well taken, in the interest of justice and in light of
26   plaintiff's pro se status, the court will consider plaintiff's reply.

                                                    1

SECOND AMENDED COMPLAINT

Plaintiff alleges that defendant Dr. Mabeus was deliberately indifferent to plaintiff's medical condition concerning his ankles.  In this regard, plaintiff contends that his ankles are swollen, he is in extreme pain and he can only walk short distances due to his ankle pain.  Plaintiff alleges that defendant Mabeus has failed to provide him with any medical treatment for this condition and has not referred plaintiff to an orthopedic doctor for appropriate treatment.

Plaintiff claims that defendants Green and Kacalek, deputies at the jail,  were also deliberately indifferent to plaintiff's medical care.  In this vein, he alleges that on January 3, 2003, defendants Green and Kacalek ignored plaintiff's request to see the nurse and told plaintiff that if he pushed the cell's call-button again to request the nurse, they would issue a disciplinary infraction.

MOTION TO DISMISS

I.  The Parties' Arguments

Defendants argue that plaintiff failed to timely exhaust the administrative remedies available to him at the Sacramento County Main Jail with respect to his claim of deliberate indifference to his medical condition by defendants Green and Kacalek.

Defendants refer to Sacramento County Sheriff Department Main Jail Operation Order 9/20 setting forth the three-level inmate grievance system at the jail.  (MTD at 6; Ex. A.) First, the inmate is required to attempt an informal resolution of the problem.  (MTD, Ex. A, at 1.)  Under that procedure the inmate is to direct his complaint to the Housing Unit Officer, but if the officer does not resolve the problem, the inmate may file a formal written grievance.  (Id.) Second, within five calendar days of the incident, the formal grievance must be submitted to the Housing Unit Deputy.  (Id.)  If the deputy is unable to resolve the problem, the grievance is forwarded to a Sergeant.  (Id. at 2.)  If the Sergeant is unable to resolve the problem within ten days, the entire grievance package is forwarded to the Executive Lieutenant.  (Id.)  The Executive

1    Lieutenant has five days to respond.  (Id.)  Third, if the inmate is dissatisfied with a reply to a

2    written grievance, within five days, the inmate may complete the "Inmate Grievance" form and

3    send it to the Jail Commander.  (Id.)  The Jail Commander then has five days to reply to such an

4    appeal.  (Id.)

5              In support of their motion to dismiss defendants have submitted a declaration

6    from Sergeant Raymond Raute who works in the Executive Office where the inmate grievance

7    database is maintained.  (Id., Ex. B.)  Sergeant Raute states that he searched the inmate grievance

8     database but that the "search did not reveal a Jail Commander reply, a written appeal of a formal

9    grievance response, or a written grievance filing by inmate Aaron Jones for the alleged January 3,

10   2003 incident wherein Deputies Green and Kacalek were deliberately indifferent to his serious

11   medical needs by refusing to permit him to see medical staff for his ankle pain."  (Id. at 2-3.)

12             Defendants argue that since plaintiff did not exhaust his administrative remedies

13   prior to bringing this lawsuit, the claims against defendants Green and Kacalek should be

14   dismissed without prejudice.  (MTD at 4-5.)  Defendants also contend that the Prison Litigation

15   Reform Act precludes any argument by plaintiff that there was substantial compliance with the

16   jail's administrative grievance procedure.  (Id. at 5-6.)  Lastly, defendants argue that because

17   exhaustion is now procedurally defaulted, plaintiff's complaint should be dismissed with

18   prejudice.[3]  (Id. at 7.)

19             Plaintiff opposes the motion to dismiss, contending that he filed a written

20   grievance within the five-day time limit and has submitted a copy of the grievance for the court's

21   review.  (Opp'n, at 2.)  The grievance describes the January 3, 2003 incident as involving

22   defendants Green and Kacalek.  (Id.)  The document indicates that Officer Luke, badge number

23   1273, received the grievance form on January 4, 2003.  (Id.)

24

25        [3]  The procedural default argument advanced by the defendants has now been explicitly
     rejected by the Ninth Circuit Court of Appeals.  See Ngo v. Woodford, 403 F.3d 620, 629 (9th
26   Cir. 2005).

1    In their reply, defendants argue that plaintiff's opposition fails to demonstrate

2 exhaustion of administrative remedies since plaintiff did not complete the third level of review

3 by submitting an appeal to the Jail Commander.  (Def.'s' Reply at 1-2.)

4    Plaintiff responds by arguing that the defendants' position must be questioned

5 since they initially claimed that plaintiff had not filed a grievance and yet plaintiff was able to

6 produce a copy of the grievance he filed.  (Pl.'s Reply at 2.)  Plaintiff also contends that the

7 exhaustion requirement has been satisfied since he did not receive a response to his grievance

8 which precluded plaintiff from proceeding to the next level.[4]  (Id.)  Plaintiff seeks the imposition

9 of sanctions due to defendants' filing of an allegedly  frivolous motion to dismiss.  (Id. at 3-4.)

10 II.  Exhaustion Requirement

11    By the Prison Litigation Reform Act of 1995 ("PLRA") enacted on April 26,

12 1996, Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with

13 respect to prison conditions under section 1983 of this title, or any other Federal law, by a

14 prisoner confined in any jail, prison, or other correctional facility until such administrative

15 remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

16    Th United States Supreme Court has ruled that exhaustion of prison

17 administrative procedures is mandated "regardless of the relief offered through [such]

18 procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001).  The Court "will not read futility or

19 other exceptions into statutory exhaustion requirements where Congress has provided otherwise."

20 Id. at 741 n.6 (2001).  In addition, the exhaustion requirement "applies to all inmate suits about

21 prison life, whether they involve general circumstances or particular episodes, and whether they

22 allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

23 /////

24

25    [4]  Plaintiff argues, "since no responce [sic] was ever given in order to forward [sic] to
proceed any higher, the plaintiff has exhausted the highest level as a matter of law."  (Pl.'s Reply
26 at 2.)

4

1    Under regulations governing such facilities in California, all county jails have an

2    administrative appeal procedure for reviewing prisoner complaints.  Cal. Code Regs. tit. 15, §

3    1073.  See Bokin v. Davis, No. C 01-2496 CRB (PR), 2003 WL 21920922, at *3-4 (N.D.Cal.

4    Aug 07, 2003); Woodall v. Martinez County Jail, No. C 01-3725 MMC(PR), 2001 WL 1382040,

5    at *1 (N.D. Cal. Nov. 5, 2001).  In light of the Supreme Court's holding in Booth v. Churner, a

6    county jail inmate in California must file a jail grievance on all claims challenging jail conditions

7    and proceed to the highest level of administrative review available prior to bringing a § 1983

8    action on those claims, regardless of whether the relief sought by the inmate is available through

9    the jail's administrative complaint system.

10    The PLRA exhaustion requirement creates a defense that defendants may raise in

11    an unenumerated Rule 12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13

12    (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003).  "In deciding a motion

13    to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings

14    and decide disputed issues of fact."  Id. at 1119-20.  "I[f] the district court looks beyond the

15    pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure

16    closely analogous to summary judgment–then the court must assure that [the prisoner] has fair

17    notice of his opportunity to develop a record."  Id. at 1120 n.14.  If the court concludes that the

18    prisoner has not exhausted administrative remedies on any claim, "the proper remedy is dismissal

19    of the claim without prejudice."  Id. at 1120.

20    III.  Analysis

21    Since defendants do not challenge the authenticity of the inmate grievance

22    submitted by plaintiff for the court's review, the issue is whether plaintiff has exhausted available

23    administrative remedies in light of jail officials' failure to respond to his grievance within the

24    time limits set forth in the state regulations.  Of course, it is defendants' burden of both raising

25    and proving the absence of exhaustion. Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir. 2005);

26    Wyatt, 315 F.3d at 1119.  It is unclear from the record before this court whether plaintiff's inmate

grievance was submitted to the first or second level of review.  In any event, defendants argue

only that since plaintiff did not receive a decision at the third and final level of review, he failed

to exhaust his administrative remedies.  Defendants' argument, however, does not address the

fact that plaintiff submitted a grievance and that there is no evidence before the court that this

grievance was addressed by jail officials.  Plaintiff contends that since he attempted to proceed

through the grievance process and received no response, he has exhausted available

administrative remedies.  Although the Ninth Circuit has yet to address this issue, many Circuit

Courts have addressed the effect of prison officials' failure to respond to grievances in a timely

manner, and have held that exhaustion occurs when prison officials fail to respond to a grievance

within the applicable time limits.  See Boyd v. Corrections Corp. of America, 380 F.3d 989, 996

(6th Cir. 2004), cert. denied sub nom. Allen v. Correctional Corp. of America, ____ U.S. ____,

125 S. Ct. 1639 (2005) ("[W]e conclude that administrative remedies are exhausted when prison

officials fail to timely respond to a properly filed grievance.");  Jernigan v. Stuchell, 304 F.3d

1030, 1032 (10th Cir. 2002) ("[W]e agree that the failure to respond to a grievance within the

time limits contained in the grievance policy renders an administrative remedy unavailable[.]");

Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) ("We join the Eighth and Fifth circuits

on this issue because we refuse to interpret the PLRA so narrowly as to . . . permit [prison

officials] to exploit the exhaustion requirement through indefinite delay in responding to

grievances.") (internal quotation marks and citation omitted); Foulk v. Charrier, 262 F.3d 687,

698 (8th Cir. 2001) (concluding that available administrative remedies were exhausted when the

prison's failure to respond to the informal grievance precluded the inmate from filing a grievance

at the next level); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam) ("A prisoner's

administrative remedies are deemed exhausted when a valid grievance has been filed and the

state's time for responding thereto has expired."); Underwood v. Wilson, 151 F.3d 292, 295 (5th

Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted).  This

reasoning is persuasive.  If an inmate attempts to exhaust administrative remedies, but that effort

1   is thwarted or ignored, the exhaustion of "available" remedies has been satisfied.  Since

2   defendants have offered no further evidence or argument concerning plaintiff's grievance and any

3   response thereto, the court finds that defendants have failed to satisfy their burden of proving the

4   absence of exhaustion.

5   IV.  Plaintiff's Additional Requests

6           In an untitled document, filed on March 31, 2005, plaintiff requests that the court

7   impose sanctions on defendants Green and Kacalek and their attorney for filing a frivolous

8   motion to dismiss.  Plaintiff  also requests that his pleading be deemed plaintiff's amended reply

9   to the motion to dismiss.  In light of the court's findings and recommendations, the plaintiff's

10  requests with respect to his pleading will be denied.  In addition, the court does not find that there

11  are grounds for imposing sanctions.

12          Accordingly, IT IS HEREBY ORDERED that:

13          1.  Plaintiff's March 31, 2005 requests for sanctions and other orders from the

14  court are denied; and

15          2.  The Clerk of the Court is directed to correct the court's docket by changing the

16  spelling of defendant Krackaleck's last name to "Kacalek."

17          Also, IT IS HEREBY RECOMMENDED that:

18          1.  Defendants' motion to dismiss, filed on February 11, 2005, be denied; and

19          2.  Defendants Green and Kacalek be ordered to file and serve an answer.

20          These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25  shall be served and filed within five days after service of the objections.  The parties are advised

26  /////

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: August 3, 2005.

4

5                                                              DALE A. DROZD
                                                               UNITED STATES MAGISTRATE JUDGE
6

7   DAD:4
    jone0119.mtd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26