IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON JONES,

    Plaintiff,                  No. CIV S-03-0119 DFL DAD P

    vs.

LOU BLANAS, et al.,

    Defendants.           <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 20, 2005, the court granted in part, defendant Mabeus' motion to compel. Plaintiff was ordered to provide supplemental responses to special interrogatories[1] and to produce documents. Before the court is defendant Mabeus' motion for sanctions for plaintiff's failure to comply with the court's order.

        Defendants Mabeus, Green and Kacalek contend that nearly two months have passed and plaintiff has not complied with the court's order. Defendants request that the court issue an order precluding plaintiff from supporting his claims of deliberate indifference to his serious medical needs by defendant Mabeus, precluding plaintiff from introducing evidence that

---

[1] Plaintiff was ordered to provide signed and verified responses to special interrogatories numbered 3, 4, 5, 8, 9, 11, 12, 13, 15, 16, 17, 18, 21, 23, 24, and 25.

1

he suffered any compensatory damages, and awarding monetary sanctions in the amount of $675.00 to cover attorney's fees.  On December 21, 2005, plaintiff filed a document styled, "Plaintiff's Motion not be Sanctioned by the Courts," in which plaintiff requests an additional thirty days to provide responses to the interrogatories and to produce the documents.  Plaintiff contends that he has been unable to make copies because the facility is on lockdown, and that he is attempting to retrieve his documents from an inmate who is assisting him.[2]  On December 27, 2005, plaintiff filed a document styled, "Objections To Duane F. Mabeu's [sic] Special Interrogatories To Aaron Jones [Set One[ [sic]."  The objections appear to be plaintiff's responses to defendant Mabeus' special interrogatories.

The court will deny defendants' motion for sanctions without prejudice; however, the court will also order plaintiff to provide supplemental responses for specified special interrogatories and to produce the documents ordered by the court on October 20, 2005.  The court has reviewed plaintiff's objections/responses and finds them to be evasive and incomplete.  Plaintiff is cautioned that a response that merely refers to the complaint or grievance form is inadequate.  Plaintiff must provide the information and documents requested and no further objections will be entertained.  Also, when plaintiff is asked to identify all individuals with knowledge of the facts, he may not identify an individual as "John Doe."  If the name of the person is unknown, plaintiff must provide identifying information, such as, the job title or duties of the individual, the relevant facts the individual has knowledge about, and the pertinent dates of the individual's involvement.  Should plaintiff fail to comply with the court's order by failing to provide timely responses or production of documents, or by failing to provide full and complete responses to the special interrogatories, the court will entertain a renewed motion for sanctions

/////

---

[2] On December 20, 2005, plaintiff filed a document styled, "Plaintiff's Expedited Ex-Parte Notice of motion and motion for consideration in granting Plaintiff's extension of time." The court will disregard this request since plaintiff failed to explain what deadline he is seeking to have extended.

which may result in the preclusion of evidence, imposition of monetary sanctions, or dismissal of this action.

On December 27, 2005, plaintiff filed a letter requesting that the court make copies of his documents and responses to interrogatories, and serve them on defendants. Plaintiff's request will be denied. It is plaintiff's responsibility to prosecute his case and to serve his discovery responses on defendants. Plaintiff is informed, however, that he need not serve a copy of his discovery responses or documents on the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' December 16, 2005 motion for discovery sanctions is denied without prejudice;

2. Within thirty days from the service of this order, plaintiff shall serve on defendants' counsel, signed and verified supplemental responses to defendant Mabeus' special interrogatories numbered 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, and 21. In addition, within thirty days from the service of this order, plaintiff shall serve defendants' counsel with documents in response to defendant Mabeus' request for production of documents (first set);

3. Plaintiff's December 27, 2005 letter requesting that the court make and serve copies of his discovery responses and documents is denied; and

4. Plaintiff's failure to comply with the court's order may result in the imposition of sanctions, including dismissal of this action.

DATED: January 5, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jone0119.mtc2

3