IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON JONES,

    Plaintiff,                   No. CIV S-03-0119 DFL DAD P

    vs.

LOU BLANAS, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that in 2002 and 2003, defendants were deliberately indifferent about his medical condition involving weakness, pain and swelling at his ankles. Before the court are defendants' motion to compel discovery and renewed motion for discovery sanction as well as plaintiff's request for discovery and motion for the appointment of counsel.

DEFENDANTS' MOTIONS

        Defendants' motions were filed following a year-long effort to obtain further responses to defendant Mabeus' special interrogatories and request for production of documents. On April 22, 2005, plaintiff was served with the discovery requests. (Mot. to Compel, filed 7-14-05, at 3.) On July 14, 2005, defendant Mabeus filed a motion to compel arguing that

/////

1  plaintiff's responses were not signed or verified and were incomplete.[1]  On October 20, 2005, the
2  court ordered plaintiff to file supplement responses to sixteen interrogatories and to produce the
3  requested documents.[2]  On December 16, 2005, defendants filed a motion seeking imposition of
4  monetary sanctions and issue preclusion due to plaintiff's failure to comply with the court's
5  October 20, 2005 order.  On January 5, 2006, the court denied defendants' motion for imposition
6  of sanctions without prejudice.  The court granted plaintiff one final opportunity to provide the
7  responses and documents, and ordered plaintiff to comply with the court's previous order within
8  thirty days.  Plaintiff failed to do so, resulting in the filing of the pending motion to compel and a
9  renewed motion for sanctions.
10           In their motion to compel, filed on January 31, 2006, defendants seek an order
11 dismissing the claims against defendant Mabeus, or in the alternative, an order compelling
12 further responses to defendants Green and Kacalek's special interrogatories.[3]  Defendants also
13 seek an award of monetary sanctions for attorneys fees they have incurred as a result of plaintiff's
14 failure to respond to discovery requests.  In their February 9, 2006 renewed motion for sanctions,
15 defendants seek dismissal of plaintiff's complaint due to his failure to comply with the court's
16 October 19, 2005 and January 5, 2006 orders, or in the alternative, "precluding Plaintiff from
17 supporting his claims of deliberate indifference to his serious medical needs against defendant
18 Duane P. Mabeus and precluding Plaintiff from introducing evidence that he suffered any
19 compensatory damages." (Defs.' Renewed Mot. at 1.)
20 /////

---

[1] See Court document number 47, Part 2 at p. 16 et. seq. (setting out defendant Mabeus' special interrogatories and plaintiff's responses thereto).

[2] The court ordered further responses to interrogatories 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18 and 21.

[3] This is defendants Green and Kacalek's first motion to compel further responses to their special interrogatories numbered 3 and 11. See Court document number 66 at pp. 11, 14-15, 20, and 23-24 (setting out plaintiff's responses to defendants Green and Kacalek's special interrogatories).

Plaintiff argues that defendants have brought their motion to compel discovery because plaintiff has filed a motion for the appointment of counsel. In support of this contention, plaintiff argues that defendants Green and Kacalek have not previously sought further responses to their special interrogatories which were served on plaintiff on December 8, 2005. See Pl.'s Opp'n, filed 2-15-06, at 3; Defs.' Mot. to Compel, filed 1-31-06 at 3.

The court finds that although plaintiff failed to comply in a timely manner with the court's January 5, 2006 order concerning defendant Mabeus' discovery requests, plaintiff did serve his responses five days after the deadline. On February 12, 2006, plaintiff served his supplemental responses to defendant Mabeus' special interrogatories and produced one document (a copy of his inmate grievance form).[4] The court is not persuaded that plaintiff was attempting to thwart defendants' discovery efforts or to hide evidence. Moreover, defendants were not prejudiced by plaintiff's delay in complying with the court's order. In this regard, the court notes that on April 21, 2006, defendants filed a motion for summary judgment arguing that plaintiff is unable to demonstrate that defendants were deliberately indifferent to plaintiff's medical needs. Defendants rely on plaintiff's deposition and medical records as well as defendant Mabeus' declaration in support of that motion. However, defendants did not rely upon plaintiff's responses to defendant Mabeus' special interrogatories.

As to defendants' alternate motion seeking an order to compel plaintiff to provide further responses to defendants' Green and Kacalek's special interrogatories numbered 3 and 11, plaintiff has already complied.[5] The court has reviewed those responses and finds them to be sufficient.

---

[4] See Court document number 70, at pp. 30-37.

[5] Plaintiff provided further responses to interrogatories 3 and 11 for defendants Green and Kacalek on January 26, 2006. A copy of the responses were attached to plaintiff's opposition to defendants' motion to compel. See Court document number 70, at pp. 6-12 (supplemental responses to defendant Kacalek's special interrogatories) and pp. 13-19 (supplemental responses to defendant Green's special interrogatories).

In light of these developments, the court is not persuaded that sanctions or any further orders concerning defendants' discovery requests are appropriate. Therefore, the court will deny defendants' motions and order plaintiff to file his opposition to defendants' summary judgment motion.

PLAINTIFF'S MOTIONS

Plaintiff has filed a motion for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

On January 10, 2006, plaintiff filed a document styled, "Request for a Motion of Discovery." Plaintiff requests that the court order defendants to produce notes or other documents involving communications between prison custody and medical staff that mention plaintiff, medical records, grievances or citizen complaints concerning any of the defendants, written procedures for notification and treatment of "medical situations," logs recording contact with custody staff, a list of nursing staff on duty between November 24, 1999 and January 3, 2003, and copies of plaintiff's inmate grievances. (Pl.'s Req., filed 1-27-06, at 2.) Defendants oppose this request. They argue that they were not served with any discovery requests by plaintiff and that the time for conducting discovery expired on December 26, 2005.[6] The court agrees that plaintiff's attempt to conduct discovery is untimely. In addition, in the court's October 12, 2004 discovery order, plaintiff was advised that he is required to conduct his own

---

[6] That date is sixty days prior to February 24, 2006, the discovery deadline established by the court's October 27, 2005 scheduling order.

4

discovery by serving discovery requests on the defendants, and that court intervention is unnecessary unless there is a discovery dispute.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' January 31, 2006 motion to compel responses to special interrogatories and sanctions is denied;

2. Defendant's February 9, 2006 renewed motion for sanctions is denied;

3. Plaintiff's January 27, 2006 request for a motion of discovery is denied;

4. Plaintiff's January 27, 2006 motion for the appointment of counsel is denied; and

5. Within thirty days from the service of this order, plaintiff shall file his opposition to defendants' April 21, 2006 motion for summary judgment; plaintiff's failure to comply with this order will result in the dismissal of this action.

DATED: June 15, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jone0119.mtc3a

5